UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Patrick Walsh

    v.                                Civil No. 08-cv-211-JL

State of New Hampshire, et al.

**REPORT AND RECOMMENDATION**

    Before the Court is the complaint (document no. 1), filed pursuant to 42 U.S.C. § 1983, and the motion for injunctive relief (document no. 4)[1] of Patrick Walsh, who alleges that his rights were violated during two hearings in the Concord District Court. Because Walsh is a prisoner, and is proceeding both pro se and in forma pauperis, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2). For the reasons explained herein, I recommend that

---

[1]On July 21, 2008, District Judge Laplante recast the motion for injunctive relief as one seeking bail pending resolution of this matter and referred the motion to me to consider in conjunction with my preliminary review. Because I recommend dismissal of the entire action, I recommend the motion for injunctive relief be denied as moot.

this action be dismissed in its entirety.

## Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. Id. In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating

the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true." This review ensures that pro se pleadings are given fair and meaningful consideration.

### Background

On April 27, 2008, Patrick Walsh was arrested for theft of lost or mislaid property. On April 28, 2008, he was arraigned by video from the Merrimack County House of Corrections. He was not provided with an attorney to represent him at the arraignment. At that hearing, the prosecutor argued to the District Court that Walsh presented a danger to others if released from custody. Walsh claims that this statement was false. Walsh concedes that he has two prior assault convictions on his criminal record, but argues that the fact that they were misdemeanor assaults, as well as the circumstances surrounding the actual assaults, does not necessarily lead to the conclusion that Walsh is dangerous or violent. After arraignment, bail was set at $5000 cash, an amount Walsh was unable to obtain.

On May 12, 2008, after an attorney had been appointed to represent Walsh, a bail hearing was held in the Concord District Court. At that hearing, Walsh complains that his court-appointed

attorney lied to the court by stating that Walsh had been arrested for the offense of theft by unauthorized taking as opposed to theft of lost or mislaid property.  The prosecutor at the hearing, according to Walsh, twice presented false statements to the judge at the hearing.  The prosecutor first falsely claimed that Walsh had used three aliases in New Hampshire, and second, falsely claimed that Walsh had threatened a pretrial services employee.  These assertions were made by proffer, and no direct evidence was introduced that could be subjected to cross-examination by Walsh.

Walsh is part Native American.  Walsh also asserts that he has been falsely referred to as homeless during the bail proceedings, when, in fact, he simply chooses to live according to his Native American customs and lifestyle.  Walsh does not describe the customs and lifestyle which he follows.

## Discussion

Walsh seeks an injunction directing his release from incarceration on bail, and the imposition of sanctions on those individuals who he alleges have supplied false information to the State courts, resulting in his detention on excessive bail.

Walsh claims that the bail proceedings at issue occurred in the Concord District Court.  While State law directs Walsh to appeal an order of excessive bail to the Superior Court and then to the State Supreme Court, there is no indication that such an appeal was taken.  See N.H. Rev. Stat. Ann. § 597:6-e(II) & (III).[2]  In fact, the filing of this action a mere fifteen days after the bail hearing complained of, indicates that Walsh has not exercised his right to appeal the bail decision to a State court of superior jurisdiction.  Further, Walsh has not indicated that the underlying criminal matter in this case has been resolved.  The criminal proceeding for which bail was set in this matter, therefore, appears to be ongoing.  Under the abstention doctrine outlined in Younger v. Harris, 401 U.S. 37, 43-44

---

[2] N.H. Rev. Stat. Ann. § 597:6-e provides in relevant part:

> (II) The person [held on bail] or the state may file with the superior court a motion for revocation of the order or amendment of the conditions of release set by a municipal or district court, by a justice or by a bail commissioner.  The motion shall be determined promptly. . . .
> (III) The person [held on bail], or the state . . . may appeal to the supreme court from a court's release or detention order, or from a decision denying revocation or amendment of such an order.  The appeal shall be determined promptly.

(1971), I find that this Court should not at this time consider Walsh's request for injunctive relief.

The Younger abstention principle provides that federal courts should abstain from entertaining cases involving issues that are the subject of currently pending State judicial proceedings when: (1) there is an ongoing State proceeding which is judicial in nature; (2) important State interests are involved; and (3) the plaintiff will have an adequate opportunity in the State proceeding to raise the constitutional challenges presented by the federal lawsuit.  Id.; Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431–32 (1982) (applying the abstention defined in Younger, a criminal case, to civil cases); Brooks v. N.H. Sup. Ct., 80 F.3d 633, 638 (1st Cir. 1996).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir. 1993).  Federal court intervention can be countenanced only where a plaintiff can show there is no opportunity to raise the federal issues in a State

court, a State statute under attack is "flagrantly and patently violative of express constitutional prohibitions in every clause," or plaintiffs can show "bad faith, harassment, or any other unusual circumstances that would call for equitable relief."  Younger 401 U.S. at 53-54.

In this case, it is unquestionable that decisions about bail, which involve the necessity of insuring that criminal defendants appear for trial, and balancing a defendant's preconviction liberty rights against the importance of protecting society, are judicial in nature and involve important State interests.  Further, none of the facts alleged by Walsh suggest that he has been denied an adequate opportunity in the State courts to adjudicate all of the issues that he seeks to raise in this challenge to his bail status.  While Walsh claims that he was denied the relief he sought in the State court proceedings, he does not allege that he was denied the opportunity to fully litigate the propriety of those decisions within the State court system.  Accordingly, I find that this claim falls squarely within that category of matters from which this Court should abstain under Younger, and I recommend, therefore, that Walsh's request to be released on bail, and for an order sanctioning the

attorneys involved in his bail hearing be denied, and that the complaint in this matter (document no. 1), as well as the request for injunctive relief (document no. 4), be dismissed.

## Conclusion

Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:    October 17, 2008

cc:      Patrick Walsh, pro se